UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEXTER DALE JOHNSON,

    Plaintiff,

v.

STATE OF MICHIGAN, *et. al.*,

    Defendants,

                                                                                            /

Case No. 20-cv-12082
Hon. Matthew F. Leitman

## ORDER SUMMARILY DISMISSING
## PLAINTIFF'S COMPLAINT (ECF No. 1)

Plaintiff Dexter Johnson is a state prisoner in the custody of the Michigan Department of Corrections. He is currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. On July 22, 2020, Johnson, proceeding *pro se*, filed a civil rights action against the Defendants under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) The Court has carefully reviewed the Complaint and concludes that Johnson has failed to state a claim upon which relief can be granted. Therefore, for the reasons stated below, the Court summarily dismisses Johnson's Complaint pursuant to 28 U.S.C. § 1915.

**I**

This case arises out of Johnson's arrest and prosecution in 2019. His allegations are summarized as follows.

1

On February 7, 2019, Officers Timothy Shank and Shawn Schultz of the Detroit Police Department responded to a 911 call involving an assault and battery. After taking statements from the victims at a gas station, Officers Shank and Schultz went to Johnson's residence without first obtaining a search warrant. The Officers arrested Johnson and seized two firearms from his house. The Wayne County Prosecutor subsequently charged Johnson with being a felon in possession of a firearm and several other offenses. Johnson pleaded guilty to the felon-in-possession charge as part of a plea agreement, and he was sentenced to prison. Johnson then sought post-conviction relief in the state courts, and that relief was denied.

In this action, Johnson says that the search and seizure of the firearms from his home was unlawful; that the Wayne County Prosecutor and an assistant prosecutor violated his constitutional rights when they charged him with criminal offenses; that his trial and appellate counsel were ineffective for failing to challenge the legality of the search and seizure, for failing to argue that he was improperly charged twice for the same weapon, that the evidence was planted, and that under Michigan law he had the right to possess a firearm in his home or business; and that two different Wayne County Circuit judges failed to protect his constitutional rights during his criminal proceedings and when he sought post-conviction relief. (*See*

2

Compl., ECF No. 1.) Johnson seeks to have his criminal conviction vacated,[1] and he also requests an award of monetary relief. (*See id.*, PageID.12.)

## II

The Court previously granted Johnson leave to proceed *in forma pauperis* due to his indigence. (*See* Order, ECF No. 3.) Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). The Court is likewise required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1] Johnson says that he seeks to have the "charges" against him dismissed (Compl., ECF No. 1, PageID.12), but some of the charges were dismissed pursuant to a plea agreement, and the charge that was not dismissed became a conviction by virtue of Johnson's guilty plea. Thus, it is appropriate to construe Johnson's request for relief as seeking the vacatur of his conviction.

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) still requires that all complaints, including those filed by *pro se* litigants, set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional,

not merely negligent. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

## III

### A

Johnson brings this action against 10 Defendants: the State of Michigan, the Detroit Police Department, Kym Worthy (the Wayne County Prosecutor), Zachary Houchin (an assistant Wayne County Prosecutor), Wayne County Circuit Court Judges Margaret M. Van Houten and Dalton A. Roberson, Detroit Police Officers Shank and Schultz, and two of his previous attorneys, Sharon Clark Woodside and Gerald F. Ferry. (*See* Compl., ECF No. 1, PageID.2-4.)

As discussed in more detail below, Johnson's request to have his conviction vacated on the ground that the conviction is tainted by constitutional violations fails because that relief is not available in this Section 1983 action; his claims against the Detroit Police Department, and Officers Shank and Schultz are barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994); his claims against the State of Michigan are barred because the State is not a person under Section 1983; his claims against Judges Van Houten and Roberson are barred by both sovereign and judicial immunity; his claims against Defendants Worthy and Houchin are barred by prosecutorial immunity; and his claims against Defendants

5

Woodside and Ferry are barred because neither was a state actor. Johnson therefore fails to state a claim against any of the Defendants.

### B

The Court begins with Johnson's request that the Court vacate his criminal conviction and order his release from state custody. Johnson is not entitled to that relief in this action.

Where "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, a state inmate may not obtain injunctive relief under Section 1983 as a remedy for "the fact of his conviction or the duration of his sentence." *Id*.

For these reasons, Johnson's Section 1983 claim fails as a matter of law to the extent that Johnson seeks as relief the vacatur of his conviction and an injunction ordering his release from custody. If Johnson wishes to seek that relief in this Court, he must do so by filing a petition for a writ of habeas corpus.[2]

---

[2] This Court further declines to construe Johnson's civil-rights Complaint as a petition for a writ of habeas corpus because (1) Johnson does not allege that his claims have been exhausted with the state courts and (2) Johnson's Complaint does not comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. See *Parker v. Phillips,* 27 F. App'x 491, 494 (6th Cir. 2001) (affirming dismissal of civil-rights action pursuant to Section 1915(e) and district court's refusal to construe the Complaint as seeking habeas relief).

For all of these reasons, the Court declines to vacate Johnson's criminal conviction.

### C

The Court next turns to Johnson's claims against the Detroit Police Department and Officers Shank and Schultz. As described above, these claims arise out of the search Officers Shank and Schultz conducted at Johnson's home. In *Heck, supra*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

"*Heck* bars [Johnson's] claim that [his home] was unlawfully searched." *Fox v. Mich. St. Police Dep't*, 173 F. App'x 372, 377 (6th Cir. 2006). In *Fox*, a plaintiff brought a civil-rights action claiming that he was illegally searched. The Sixth Circuit affirmed the dismissal of that claim because the search in dispute "yielded [a] switchblade, which became the subject of a criminal charge of which [the plaintiff] was convicted." *Id.* And the Sixth Circuit concluded that "a finding in favor of [the plaintiff] on his claim that defendants unlawfully searched his person would 'necessarily imply the invalidity of his conviction' for possession of [the] switchblade." *Id.* (quoting *Heck*, 512 U.S. at 486-87.) Likewise here, the gun found

7

during the search of Johnson's home became the subject of a criminal charge against him for which Johnson was convicted, and a finding in favor of Johnson on his claim that Offices Shank and Shultz unlawfully searched his home would necessarily imply the invalidity of his felon-in-possession conviction. Therefore, as in *Fox*, Johnson "may not maintain a claim [] based on the search of his [home] until his conviction for possession of a [firearm] has been invalidated." *Id.* at 378. *See also Poindexter v. Overton*, 110 F. App'x 646, 647 (6th Cir. 2004) (affirming dismissal under Section 1915(e)(2) of a plaintiff's claim "that his convictions were obtained pursuant to an illegal search and seizure" where the plaintiff had "not successfully challenged the validity of his underlying convictions").

For all of these reasons, the Court **DISMISSES** Johnson's claims against the Detroit Police Department and Officers Shank and Shultz.

**D**

Next, the Court dismisses Johnson's claims against the State of Michigan. Those claims are subject to dismissal because a state is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of St. Police,* 491 U.S. 58, 71 (1989) ("hold[ing] that neither a State nor its officials acting in their official capacities are "persons" under § 1983."). A state therefore cannot be sued for monetary damages under Section 1983. *See id. See also Haywood v. Drown*, 556 U.S. 729, 734 n.4 (explaining that "a plaintiff seeking damages against the State …

8

cannot use § 1983 as a vehicle for redress because a State is not a 'person' under § 1983"). Johnson's claims against the State are therefore **DISMISSED**.

E

Johnson's claims against Judges Van Houton and Roberson fail to state a cognizable claim for two reasons. First, the claims are barred by sovereign immunity. The Michigan Supreme Court and its lower courts operate as arms of the state, and thus enjoy the same sovereign immunity as the State of Michigan. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010) (holding that a state district court was "an arm of the state"). Eleventh Amendment immunity likewise applies to state employees who are sued in their official capacity. *See Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver"). Judges Van Houten and Roberson are therefore entitled to Eleventh Amendment immunity to the extent they are sued for damages in their official capacity.

Judges Van Houten and Roberson are also entitled to absolute judicial immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (explaining that "generally, a judge is immune from a suit for money damages"). Moreover, the 1996 amendments to Section 1983 extended absolute immunity for

9

state judges to requests for injunctive or equitable relief "unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. And here, Johnson has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. *See also Kipen v. Lawson*, 57 F. App'x. 691 (6th Cir. 2003) (affirming dismissal of claims against federal judge under Section 1915(e) on the basis of absolute judicial immunity).

For all of these reasons, the Court **DISMISSES** Johnson's claims against Judges Van Houton and Roberson.

### F

Johnson's claims against Defendants Worthy (the Wayne County Prosecutor) and Houchin (an assistant prosecutor in Wayne County) also fail because Worthy and Houchin are entitled to prosecutorial immunity.

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). Thus, a prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). As the Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a

10

> prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted).

Here, all of Johnson's claims against Worthy and Houchin arise out of their actions in charging Johnson with a crime and negotiating his subsequent plea agreement. These are the types of quintessential prosecutorial functions that are protected by immunity. *See id.* The Court therefore **DISMISSES** Johnson's claims against Worthy and Houchin.

### G

The Court next turns to Johnson's claims against his trial attorney, Sharon Clark Woodside, and his appellate attorney, Gerald Ferry. Johnson has failed to state cognizable claims against these Defendants because neither are state actors within the meaning of Section 1983. Court appointed attorneys or public defenders performing a lawyer's traditional functions as counsel to a criminal defendant generally do not "act under color of state law" and are therefore generally not subject to suit under Section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317 (1981). *See also Bomer v. Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003) (affirming dismissal of claim under Section 1915(e)(2) against plaintiff's criminal counsel and holding that the attorney was "not subject to suit under § 1983 since he [was] not a

11

state actor"); *Dunning v. Yuetter,* 12 F. App'x 282, 284 (6th Cir. 2001) (same). And Johnson has not offered any other theory under which Woodside or Ferry could be held liable under Section 1983. The Court therefore **DISMISSES** Johnson's claims against Woodside and Ferry.

## IV

For all of the reasons stated above, the Court concludes that Johnson's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court further certifies that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: September 3, 2021

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 3, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764